**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

William P. Fennell, Esq. (SBN 164210)
Brendan Bargmann, Esq. (SBN 356264)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
600 West Broadway, Suite 930, San Diego, CA 92101
Tel: (619) 325-1560 / Fax: (619) 325-1558
william.fennell@fennelllaw.com
brendan.bargman@fennelllaw.com

Order Entered on
April 9, 2025
by Clerk U.S. Bankruptcy Court
Southern District of California

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

DUANE C. MOORE, AND SALLY T. MOORE,

Debtor.

BANKRUPTCY NO. 25-00195-JBM13

Date of Hearing: N/A
Time of Hearing: N/A
Name of Judge: Hon. Judge J. Barrett Marum

## **COURT MODIFIED** ORDER ON
### EX PARTE APPLICATION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

The court orders as set forth on the continuation pages attached and numbered 2 through 2 with exhibits, if any, for a total of 18 pages. Motion/Application Docket Entry No. 28.

//
//
//
//
//
//
//

DATED: April 8, 2025

_____
Judge, United States Bankruptcy Court

CSD 1001A [07/01/18]                                                                                         Page **2** of **2**

ORDER ON EX PARTE APPLICATION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS
DEBTOR: DUANE C. MOORE, AND SALLY T. MOORE                                    CASE NO: 25-00195-JBM 13

---

The Court having considered the Ex Parte Application for Order Authorizing Rule 2004 Production of Documents ("Application") filed by Katherine Davidson, as Trustee of the Violet L. Patron Revocable Trust Dated June 26, 2019, a creditor in the above-captioned proceeding ("Creditor"), under Federal Rules of Bankruptcy 2004 ("Application"), the court having considered the Application and it appearing that production of documents is authorized by Rule 2004, and good cause appearing thereon:

IT IS HEREBY ORDERED THAT:

1. The application is granted and approved in its entirety.
2. The Creditor is authorized to issue the two subpoenas in substantially the form attached as Exhibit A and B hereto on Jake's Motorcars, Inc. ("Jake's") and Robinhood Financial, LLC ("Robinhood") pursuant to Rule 2004.
3. Jake's and Robinhood is hereby ordered to comply with the Subpoenas served upon them.
4. Such Subpoenas will provide for a document production date of April 15, 2025 for Jake's and April 29, 2025 for Robinhood unless it expressly agrees to an earlier production date.
5. If and to the extent that a party objects to the scope, time or place of the document production set forth in the subpoenas, the Creditor shall make all reasonable efforts to stipulate to an alternative scope, time, or place for production.

IT IS SO ORDERED.

Signed by Judge J Barrett Marum April 8, 2025

CSD 1001A

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of California

In re DUANE C. MOORE, AND SALLY T. MOORE
Debtor

*(Complete if issued in an adversary proceeding)*

N/A
Plaintiff
v.
N/A
Defendant

Case No. 25-00195-JBM13

Chapter 13

Adv. Proc. No. N/A

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Person Most Knowledgable at Jake's Motorcars, Inc., a California corporation, located at 7514 Gerard Ave. #2, La Jolla, CA 92037
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Law Office of William P. Fennell, APLC<br>Via email to: Office@FennellLaw.com | April 15, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March    , 2025

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
M. Katharine Davidson, as Trustee, who issues or requests this subpoena, are:
Brendan Bargmann; 600 W. Broadway Ste. 930, San Diego, CA 92101; brendan.bargmann@fennelllaw.com; (619) 325-1560

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Signed by Judge J Barrett Marum April 8, 2025

Case 25-00195-JBM13    Filed 04/08/25    Entered 04/09/25 11:13:43    Doc 30    Pg. 5 of 18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 25-00195-JBM13   Filed 04/08/25   Entered 04/09/25 11:13:43   Doc 30   Pg. 6 of 18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Signed by Judge J Barrett Marum April 8, 2025

EXHIBIT "A"                                                PAGE 6

| | |
|---|---|
| In re<br><br>DUANE C. MOORE, AND SALLY T. MOORE,<br><br>Debtors. | Case No. 25−00195−JBM13<br><br>Attachment A To Subpoena To Produce Documents In A Bankruptcy Case From M. Katherine Davidson, As Trustee Of The Violet L. Patton Revocable Trust Dated June 26, 2019 |

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45, made applicable through Federal Rule of Bankruptcy Procedure 9016, Creditor Katherine Davidson, As Trustee Of The Violet L. Patton Revocable Trust Dated June 26, 2019, requests that Jake's Motorcars, Inc., produce and permit the inspection and copying by Davidson's agents or attorneys, the writings, documents, papers, books, accounts, objects, or tangible things as specified below and in the attached Bankruptcy Form 2570.

## DIRECTIONS AND DEFINITIONS

1. As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

(a) "**Person**" means and includes natural persons, any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

(b) "**Document**" means and includes any kind of written, typewritten, printed or recorded material or computer files, documents or recorders whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with any federal, state, or local agency, notes, memoranda, letters, telexes, telegrams, audited financial statements, unaudited interim financial statements, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholders or committee meetings, written communications with directors and shareholders, inter-office communications, notices, circulates, bulletins,

manuals, results for payment, any other financial reports, working papers, contracts, agreements, bills, books of account, vouchers, maps, plats, evaluations, drawings, plans, pictures, tape recordings, transcriptions of conversations of tape recordings, desk calendars, bank checks, invoices, charge slips, hotel charges, receipts, expense accounts, freight bills, statistical records, cost sheets, bids, abstracts of bids, journals, diaries, time sheets or logs, all computer-stored data, job or transaction files, permits or licenses or applications therefor, appointment books, books, record and copies, extracts and summaries or other documents, and drafts of any of the above, whether used or not, or any other writing or recording as defined in the Federal Rules of Evidence, Rule 1001.

(c) "**Communication**" or "**communications**" means any type of oral, written or visual contact between two or more persons in which information, facts or opinions were exchanged, imparted or received.

(d) "**Statement**" means any oral, written stenographic or recorded declaration of any kind or description.

(e) "**Electronically Stored Information** ("**ESI**")" refers to any data—regardless of format, medium, or method of storage—created, transmitted, or maintained by digital means. This includes but is not limited to: emails (with attachments and metadata), messaging content (e.g., SMS, Slack, Teams), documents (text files, spreadsheets, PDFs), databases, social media posts, cloud-stored records, system logs, and any associated metadata (timestamps, geolocation, edit histories). It also encompasses data that may not be readily accessible, such as deleted fragments recoverable through forensic means, legacy backups, or information archived in proprietary formats. The term excludes only data that is demonstrably inaccessible due to undue burden or cost, as defined under FRCP 26(b)(2)(B).

(f) "**Related To**" means and includes, directly or indirectly, in whole or in part, discussing, concerning, mentioning, commenting on, containing, embodying, identifying, incorporating, referring to, dealing with, or about in any way.

(g) "**Jake's**" and "**You**" refer to Jake's Motorcars, Inc., a California Corporation located at 7514 Girard Ave #2, La Jolla, CA 92307.

(h) "**Mr. Duane C. Moore**" refers to a natural person named Duane C. Moore with a Social Security Number ending in 6183 and who is known to reside at 3152 Beaven Drive Escondido, CA 92027.

(i) "**Ms. Sally T. Moore**" refers to a natural person named Sally C. Moore with a Social Security Number ending in 7568 and who is known to have resided at 3152 Beaven Drive Escondido, CA 92027.

(j) "Purchase" means acquire, obtain, or receive in exchange for consideration (including money, services, or other assets), whether through a single transaction, installment agreement, or conditional sale. The term applies to any tangible or intangible asset for which title, ownership, or enforceable rights are transferred to the acquiring party.

(k) "**Vehicle**" means any motorized or non-motorized device designed, used, or capable of being used for transportation on roads, highways, or other surfaces, including but not limited to passenger cars, trucks, SUVs, motorcycles, scooters, mopeds, recreational vehicles (RVs), campers, buses, vans, all-terrain vehicles (ATVs), golf carts, motorized bicycles, tractors, trailers, and any attached or detached components, accessories, or modifications thereto.

2. It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although the requesting party reserves the right to move for disclosure. For any document withheld on such grounds, please provide a written response with the following information:

(a) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

(b) The nature of the protection claimed;

(c) A list of all persons who participated in the preparation of the document;

(d) A list of all persons to whom the document was circulated, or its contents communicated.

### DESCRIPTION OF PRODUCTION

You must produce all **Documents**, **Communications**, and **ESI Related To** the **Purchase** from **You** by **Mr. Duane C. Moore** or **Ms. Sally T. Moore** of a 2005 Ferrari F430 or any other **Vehicle**.

# EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of California

In re DUANE C. MOORE, AND SALLY T. MOORE
Debtor

*(Complete if issued in an adversary proceeding)*

N/A
Plaintiff

v.

N/A
Defendant

Case No. 25-00195-JBM13

Chapter 13

Adv. Proc. No. N/A

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Person Most Knowledgable at Robinhood Financial, LLC (Robinhood), CRD No. 165998
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Law Office of William P. Fennell, APLC<br>Via email to: Office@FennellLaw.com | April 15, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* M. Katharine Davidson, as Trustee , who issues or requests this subpoena, are:

Brendan Bargmann; 600 W. Broadway Ste. 930, San Diego, CA 92101; brendan.bargmann@fennelllaw.com; (619) 325-1560

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Signed by Judge J Barrett Marum April 8, 2025

Case 25-00195-JBM13    Filed 04/08/25    Entered 04/09/25 11:13:43    Doc 30    Pg. 13 of 18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Signed by Judge J Barrett Marum April 8, 2025
EXHIBIT "B"    PAGE 14

| | |
|---|---|
| In re<br><br>DUANE C. MOORE, AND SALLY T. MOORE,<br><br>Debtors. | Case No. 25−00195−JBM13<br><br>**Attachment A To Subpoena To Produce Documents In A Bankruptcy Case From M. Katherine Davidson, As Trustee Of The Violet L. Patton Revocable Trust Dated June 26, 2019** |

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45, made applicable through Federal Rule of Bankruptcy Procedure 9016, Creditor Katherine Davidson, As Trustee Of The Violet L. Patton Revocable Trust Dated June 26, 2019, requests that Robinhood, LLC produce and permit the inspection and copying by Davidson's agents or attorneys, the writings, documents, papers, books, accounts, objects, or tangible things as specified below and in the attached Bankruptcy Form 2570.

## DIRECTIONS AND DEFINITIONS

1. As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

(a) "**Person**" means and includes natural persons, any business entity, whether a corporation, partnership, association, firm, joint venture or other, any governmental or public entity, and any other legal entity.

(b) "**Document**" means and includes any kind of written, typewritten, printed or recorded material or computer files, documents or recorders whatsoever, regardless of the source or author thereof, including, without limitation, any writing, filed for reporting or other purposes with any federal, state, or local agency, notes, memoranda, letters, telexes, telegrams, audited financial statements, unaudited interim financial statements, financial ledgers, stock ledgers for all forms and types of securities, minutes of directors, shareholders or committee meetings, written communications with directors and shareholders, inter-office communications, notices, circulates, bulletins,

manuals, results for payment, any other financial reports, working papers, contracts, agreements, bills, books of account, vouchers, maps, plats, evaluations, drawings, plans, pictures, tape recordings, transcriptions of conversations of tape recordings, desk calendars, bank checks, invoices, charge slips, hotel charges, receipts, expense accounts, freight bills, statistical records, cost sheets, bids, abstracts of bids, journals, diaries, time sheets or logs, all computer-stored data, job or transaction files, permits or licenses or applications therefor, appointment books, books, record and copies, extracts and summaries or other documents, and drafts of any of the above, whether used or not, or any other writing or recording as defined in the Federal Rules of Evidence, Rule 1001.

(c) "**Communication**" or "**communications**" means any type of oral, written or visual contact between two or more persons in which information, facts or opinions were exchanged, imparted or received.

(d) "**Statement**" means any oral, written stenographic or recorded declaration of any kind or description.

(e) "**All Computer-Stored Data and Electronically Stored Information**" ("**ESI**") refers to any data—regardless of format, medium, or method of storage—created, transmitted, or maintained by digital means. This includes but is not limited to: emails (with attachments and metadata), messaging content (e.g., SMS, Slack, Teams), documents (text files, spreadsheets, PDFs), databases, social media posts, cloud-stored records, system logs, and any associated metadata (timestamps, geolocation, edit histories). It also encompasses data that may not be readily accessible, such as deleted fragments recoverable through forensic means, legacy backups, or information archived in proprietary formats. The term excludes only data that is demonstrably inaccessible due to undue burden or cost, as defined under FRCP 26(b)(2)(B).

(f) "**Related To**" means and includes, directly or indirectly, in whole or in part, discussing, concerning, mentioning, commenting on, containing, embodying, identifying, incorporating, referring to, dealing with, or about in any way.

(g) **"Robinhood"** and **"You"** refer to Robinhood Financial, LLC (Robinhood), CRD No. 165998, having a principal place of business at 500 Colonial Center Parkway, Suite 100, Lake Mary, FL 32746, and which has been registered as a broker-dealer in the state of California since October 17, 2013.

(h) **"Ms. Sally T. Moore"** refers to a natural person named Sally C. Moore with a Social Security Number ending in 7568 and who is known to have resided at 3152 Beaven Drive Escondido, CA 92027.

(i) **"Financial Account"** refers to any relationship or arrangement—whether formal or informal, domestic or foreign—established to hold, manage, or facilitate transactions involving monetary assets, securities, commodities, digital assets, or other financial instruments. This encompasses all types of deposit accounts, credit accounts, investment vehicles, and stored value systems maintained with financial institutions, brokerages, trading platforms, custodians, or decentralized protocols. The definition includes accounts held directly, indirectly through nominees or intermediaries, or in joint ownership with any third party. It applies irrespective of whether the account is currently active, dormant, or closed, and regardless of the currency denomination or governing jurisdiction.

(j) **"Account Statements"** means any documentation or electronic record—whether generated periodically or on an ad hoc basis—that evidences the existence, activity, holdings, or status of a Financial Account. This includes but is not limited to formal periodic statements issued by financial institutions, transaction confirmations, balance summaries, interest or dividend reports, tax-related disclosures, and portfolio valuation reports. Both official statements prepared for regulatory compliance and internal records generated for operational purposes fall within this definition, regardless of format or medium.

2.    It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although the requesting party reserves the right to move for disclosure.

1  For any document withheld on such grounds, please provide a written response with
2  the following information:
3       (a) A description of the documents sufficiently particular to identify it and to
4  enable you to identify, disclose or produce it in response to an order of the above-
5  entitled court;
6       (b) The nature of the protection claimed;
7       (c) A list of all persons who participated in the preparation of the document;
8       (d) A list of all persons to whom the document was circulated, or its contents
9  communicated.

## DESCRIPTION OF PRODUCTION

11  You must produce all Documents, including Account Statements,
12  Communications, and ESI related to any Financial Account held by Ms. Sally T.
13  Moore.